IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles R Cooper | Debtor(s) | CHAPTER 13 |
| MIDFIRST BANK vs. | Moving Party | NO. 23-10830 DJB |
| Charles R Cooper | Debtor | |
| Kaima M. Taylor | Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| Kenneth E. West | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of November 10, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$34,039.34**. Post-petition funds received after November 10, 2025, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | November 2024 through April 2025 at $2,710.84 each; |
| | May 2025 through November 2025 at $2,912.22 each |
| Suspense Balance: | ($2,611.24) |
| **Total Post-Petition Arrears:** | **$34,039.34** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$34,039.34**.

    b). The Parties agree that Movant shall file its late Proof of Claim with $0.00 in pre-petition arrears and **$34,039.34** in post-petition arrears.

    c). Said Proof of Claim is hereby deemed an allowed secured claim, and the Debtor and the Trustee reserve their right to object to Movant's Proof of Claim.

    d). The Parties agree that Movant shall file any late Notices of Mortgage Payment Change necessary and that the late Notices of Mortgage Payment Change shall have full force and effect as of the date included as the effective date.

3. Beginning with the payment due **December 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$2,912.22** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 12, 2025          /s/ Matthew Fissel
                                   Matthew Fissel, Esq.
                                   Attorney for Movant


Date: November 18, 2025            /s/ Brad J Sadek
                                   Brad J Sadek
                                   Attorney for Debtor(s)
                                   No Objection - Without Prejudice to Any Trustee
                                   Rights or Remedies

Date:  November 19, 2025           /s/ LeeAne O. Huggins
                                   Kenneth E. West
                                   Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2025.  However, the Court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Derek J. Baker